## Henry Brockholst Livingston and Carroll Livingston *vs.* Enoch Jones and others.

The acknowledgment is no part of an instrument of assignment.

The allegation in a bill that the assignment of a bond and mortgage was duly acknowledged before a commissioner of deeds according to the laws of the state of New York, where the same was executed, is sufficient on demurrer.

A guardian has the right to collect and receive money due to his ward, on a bond and mortgage, or sell and assign the bond and mortgage in the exercise of his discretion as guardian.

1840.
First Circuit.

Livingston
*vs.*
Jones.

This was a bill filed to foreclose a mortgage, and stated that February 25. September 9, 1834, Enoch Jones executed his bond to Henry I. Seaman, John Van Wyck and Nathaniel Norton, in the penal sum of $10,000, conditioned to pay said Seaman, Van Wyck and Norton, their representative executors, administrators and assigns, the sum of $5,000 on or before September 9, 1839, with interest payable semi-annually, commencing on the ninth day of March then next. That Enoch Jones and Sophia his wife, in order to secure the payment of said sum of money, with interest, on the same day executed a mortgage to said Seaman, Van Wyck and Norton, their heirs and assigns, of certain premises in the city of Detroit; that February 10, 1835, Seaman, Van Wyck and Norton assigned the bond and mortgage, for the consideration therein mentioned, to Billop B. Seaman, guardian, &c., of Henry Brockholst Livingston, Jasper Hall Livingston and Catharine Louisa Powell; that March 23, 1835, the execution of the deed of assignment which was made in the state of New York, was duly acknowledged in due form of law, before D. Hobart, then being a commissioner of deeds in and for the city and county of New York, agreeably to the law of said state; and May 12, 1825, the deed of assignment was duly registered in the office of the register of deeds for the city of Detroit; that June 18, 1836, and before the money in the mortgage mentioned became due or was payable, and before payment of the same or any part thereof, Billop B. Seaman, guardian, &c., in consideration of one dollar to him paid by Carroll Livingston, as attorney for

Henry Brockholst Livingston, assigned to Carroll Livingston the bond and mortgage; and on the same day the execution of the deed of assignment which was executed in the state of New York, was duly acknowledged, in due form of law before John McVickar, junior, then being a commissioner of deeds in and for the city and county of New York, in said state of New York, agreeably to the laws of said state. That said last mentioned assignment of said mortgage was made to Carroll Livingston as attorney for Henry Brockholst Livingston, and for his sole and exclusive use and benefit. That the interest had been paid up to March 9, 1837, and the residue remained due and owing up to the time of filing the bill. That there was due at the time of filing the bill the sum of $525 00, interest.

That while Lewis Godard was owner of the premises and before he sold and conveyed the same to Enoch Jones, to wit : May 1, 1833, he mortgaged the same premises to James N. Tuttle, to secure the payment of the sum of $5,000, in five equal annual instalments. The bill charged most of the amount of money mentioned in this mortgage from Godard to Tuttle, to have been paid, and further stated, that December 22, 1836, Enoch Jones sold and conveyed the premises to Lewis Godard, who at the time of filing the bill, claimed to be the only proprietor of the premises. That March 15, 1837, Godard mortgaged the said premises or some part thereof, to Henry H. Brown to secure the sum of $10,000, payable three months after the date of said mortgage. That August 1, 1838, Godard mortgaged the same premises to Enoch Jones, to secure the payment of the sum of $10,000.

The bill averred that the deed granted by Jones to Godard, as well as the mortgage granted by Godard to Brown, and also the mortgage from Godard to Jones, were each of them granted, accepted and received with the full knowledge and notice of the prior lien of complainants mortgage on the premises.

To this bill, the defendant, Lewis Godard, demurs for several causes.

1st. That it does not appear that D. Hobart, before whom

the first assignment was acknowledged, was authorized by the

laws of New York to take acknowledgments of conveyances of real estate.

2d. That it did not appear that John McVickar, jr., before whom the second assignment is alledged to have been acknowledged, had authority, by the laws of New York, to take such acknowledgment.

3d. That it did not appear by what authority Billop B. Seaman, who is alledged to have been guardian of the minors, and to have held the bond and mortgage as such guardian, assigned, sold and transferred the same.

4th. That Jasper Hall Livingston and Catharine Louisa Powell, having an interest in the subject matter, are not made parties.

D. Goodwin, in support of the demurrer, as to the third cause assigned, said:

It is essential that it appear by what authority Billop B. Seaman sold and transferred the bond and mortgage. As guardian, his authority is special, and he is confined strictly to it, and he could not so dispose of the bond and mortgage as he is alledged to have done, without special authority from a court of competent jurisdiction, or unless specially authorized by a statute of New York, and in either case, it must be shown in the bill; and the purchaser purchasing of a guardian who is, *by law*, a special trustee, must look to his power; and no authority appearing, the complainants have not the title they set up, and Carroll Livingston has none, but the title still remains in the minors. *Cited Reeves' Dom. Rel.*, 325–6; *Morrell* vs. *Dickey*, 1 *Johns. Ch.*, 153.

A. D. Fraser, contra.

In the 7th of Johnson's Chancery Reports, page 152, a case is to be found decisive of the points made by the defendant in this case, in respect to the power of a guardian. That was a case also where a bond and mortgage were taken to a per-

son in the character of a guardian, and the Chancellor, in his opinion, states, " that he had a legal control over the bond and mortgage, and a right to collect and receive the money due thereon; *and a legal right to sell and assign the same, in the due exercise of his discretion, as. guardian, is a proposition that does not seem to admit of dispute.*" And the Chancellor further adds, that " the necessity or expediency of the measure rested entirely in the judgment and discretion of the guardian. He was, as between him and the purchaser, the proper and the exclusive judge of that expediency.". *See the several cases cited by the Chancellor in that opinion.*

It does not lie with the mortgagor to object that the *power* of sale was not regularly acknowledged and recorded. *Jackson* vs. *Colden*, 4 *Cowen*, 266.

THE CHANCELLOR.—The acknowledgment is no part of the instrument of assignment. The allegation in the bill as to the assignments having been duly acknowledged, according to the laws of the state of New York, where the same were executed, are sufficient on demurrer.

The third cause of demurrer assigned, seems to be the point most relied upon by the party demurring.

The bond and mortgage having been duly assigned to Billop B. Seaman, guardian of Jasper Hall Livingston and Catharine Louisa Powell, there can be no doubt that he had the legal right to collect and receive the money due thereon, or sell and assign the same, in the exercise of his discretion as guardian. This principle is fully established in the case of *Field* vs. *Schieffelin*, 7 *Johns. Ch.*, 150; and the allegations in the bill of the several assignments, are sufficient upon demurrer.

This is not a claim set up by the infants, alledging fraud in the assignment, but it is a demurrer by Godard, who claims title to the premises as subsequent purchaser from the mortgagor, and, it having been decided that the guardian had a right to assign the bond and mortgage and that the allegations in the bill of such assignment are sufficient, the demurrer must be overruled.

Demurrer overruled.